# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 1:01-cr-00426-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY RANDOLPH BERRY,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR IMPOSITION OF A REDUCED SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT

The case comes before the Court on Defendant Gregory Berry's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act [DE 142]. The Court has considered Defendant's Motion, the Government's Response [DE 144], submissions by Probation, and the record.

In May 2001, a federal grand jury indicted Defendant on one count of distribution of 50 grams or more of a substance containing cocaine base. DE 1. A jury found him guilty of the charge in December 2001. DE 46.

Defendant was sentenced in June 2002. DE 64. For the purpose of sentencing, the Court determined that he was a career offender and that he had two prior convictions of felony drug offenses. DE 77 at 8-10. Under the law in effect at that time, Defendant was subject to a mandatory statutory sentence of life imprisonment without release because of the drug quantity involved in his offense and his prior felony drug convictions. *See* 21 U.S.C. § 841(b)(1)(A) (2000). Due to that mandatory statutory sentence, his guideline range became life imprisonment. PSI ¶ 64. The

Court imposed a life sentence with 10 years' supervised release and waived a fine due to inability to pay. DE 68.

Congress subsequently passed the Fair Sentencing Act of 2010 to reduce the disparity in the treatment of cocaine base and powder cocaine offenses. *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013); *see* Pub. L. No. 111-220, 124 Stat. 2372 (increasing the quantities of cocaine base that are required to be sentenced under 21 U.S.C. § 841(b)(1)(A) and (B)). The Fair Sentencing Act, however, did not apply retroactively until Congress passed the First Step Act of 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under § 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* A court is not required to reduce a sentence under § 404. *Id.* Moreover, a sentence may not be reduced if the sentence was previously imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant made a previous motion for a sentence reduction under § 404 of the First Step Act that was denied on the merits. *Id.*

Relevant to this case, the Fair Sentencing Act increased the drug quantity needed to be sentenced under 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams of a substance containing cocaine base. *See* Pub. L. No. 111-220, 124 Stat. 2372. A defendant being sentenced for at least 28 grams of cocaine base, with at least one prior conviction of a felony drug offense, is subject to a term of imprisonment of between 10 years' and life imprisonment and a term of supervised release of at least 8 years. 21 U.S.C. § 841(b)(1)(B). In addition, a defendant who qualifies as a career offender and has a statutory maximum of life imprisonment has an offense level of 37, a

criminal history category of VI, and a guideline range of 360 months to life. *See* U.S.S.G. § 4B1.1(b).

Defendant now moves for a reduced sentence under the First Step Act and for a hearing. DE 142. His sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act. The Government concedes that Defendant is eligible for a reduction of his sentence and requests that the Court reduce his sentence to 360 months' imprisonment. DE 144. Defendant has filed a Sentencing Memorandum in which he asked for a variance from the guideline range and a sentence of 240 months' imprisonment. DE 155.

The Court agrees with the parties that Defendant is eligible for a reduction of his sentence under the First Step Act because the Fair Sentencing Act reduced the applicable statutory range. Defendant is subject to a statutory term of imprisonment of between 10 years' and life imprisonment and a term of supervised release of at least 8 years. *See* 21 U.S.C. § 841(b)(1)(B). His guideline range is 360 months to life.

It is hereby **ORDERED AND ADJUDGED**:

1. Defendant is eligible for a reduction of sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

2. This matter is set for a hearing on **July 3, 2019, at 1:30 p.m.**, for the Court to determine whether, and by how much, to reduce Defendant's sentence.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of June, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record